(10 App. Div. 446.)

## CORNWELL v. CLEMENT.

(Supreme Court, Appellate Division, Second Department. December 1, 1896.)

1. VENDOR AND PURCHASER — FAILURE OF CONSIDERATION — ACTION FOR AN ACCOUNTING.

Plaintiffs conveyed to defendant an undivided half of their interests in lands, under an agreement that he would institute all proper suits and proceedings to recover plaintiffs' interests from persons claiming adversely. Without taking any step to recover the possession as agreed, and without plaintiffs' knowledge, defendant began an action for partition, naming himself and grantors as plaintiffs, and two others, owning friendly interests, defendants. Plaintiffs' grantee procured an allotment of his interest, and plaintiffs' interests were sold for $80, which went to pay the costs of partition. *Held,* that the consideration for the original contract wholly failed, and plaintiffs were entitled to an accounting about the interests conveyed by them to defendant.

2. SAME—UNDIVIDED INTERESTS—INSUFFICIENT NOTICE OF PARTITION.

Where an undivided interest in lands is conveyed under an agreement that the purchaser will recover the vendor's interest from persons claiming adversely, and without his knowledge the purchaser begins, instead, an action for partition, a notice mailed by him to the vendor containing a bare statement as to when and where the partition sale would take place is insufficient to charge the vendor with knowledge of the character of the proceedings.

3. SAME — ABUSE OF PURCHASER'S AUTHORITY — LIMITATION OF ACTION BY VENDOR.

Where an undivided interest in lands is conveyed under an agreement that the purchaser will recover the vendor's interest from persons claiming adversely, and the purchaser wholly fails to perform the agreement, and allows the vendor's interest to be sacrificed, an action by the vendor against the purchaser for an accounting is within Code Civ. Proc. § 410, subd. 1, which provides that where a right exists on which an action cannot be maintained without demand, and the right grows out of the receipt or detention of property by a person acting in a fiduciary capacity, limitations run from the time when the person entitled to make the demand has actual knowledge of the facts on which that right depends.

Appeal from special term, Queens county.

Action by Valentine Cornwell, who sues as well for himself as for other heirs of John Cornwell, deceased, against Charles H.

Clement, for an accounting about certain interests in lands conveyed to defendant in consideration of an agreement that he would recover other interests for his grantors from persons claiming adversely. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Edward F. Bullard, for appellant.
Henry A. Monfort, for respondent.

WILLARD BARTLETT, J. In 1878, the heirs of John Cornwell, deceased, 14 in number, were the owners of certain beach and marsh lands at Rockaway Beach, in Queens county, in the locality which has since become known as "Arverne." For the purpose of ascertaining the interests of the respective owners, the property was deemed to consist of 72 parts. Of these parts, 2 belonged to the defendant, 12 belonged to Abby Wellwood and Edward L. Seaman, and 58 belonged to the plaintiff and the 10 other heirs of John Cornwell, in whose behalf the present suit is brought. On or about the 22d day of July, 1878, the plaintiff and these 10 other heirs conveyed to the defendant, Charles H. Clement, one-half of their respective interests in the property, or $^{29}/_{72}$ thereof in all, in consideration of an agreement on the part of the defendant to institute all proper suits and proceedings at law or in equity to recover their remaining interests in such real estate. At this time, none of the heirs were in the actual possession of the premises, but the same were claimed adversely by third parties. The defendant, having thus increased his interest in the property from $^{2}/_{72}$ to $^{31}/_{72}$, instituted a suit, not to recover the possession thereof from anybody or for anybody, but to compel a partition of the premises. In this action he named himself and his 11 grantors (including Valentine Cornwell, the plaintiff in the present suit) as plaintiffs, and he made Abby Wellwood and Edward L. Seaman defendants. As far as the interests of Abby Wellwood and Charles H. Clement (the defendant herein) were concerned, an actual partition was made, and certain portions of the property were set aside to them, respectively. The rest of the land was sold for $80, which went to pay the expenses of the partition suit, so that the grantors to Charles H. Clement realized nothing for their aggregate interest of $^{29}/_{72}$, although it was only two shares smaller than his own. On the other hand, he acquired, as the owner of $^{31}/_{72}$ (29 of which he had derived from them), a piece of land which he was able to sell in 1887 for $2,500. Of these proceedings in partition, neither the plaintiff nor the other grantors to Clement appear to have had any knowledge, unless they received notice of the time and place when the sale would take place, by means of letters posted to them by the defendant about two weeks before the sale. The defendant testified that he mailed such letters, but the plaintiff denied that he had received any. The learned judge who tried the case at special term held that the partition suit was

honestly brought and honestly conducted, and that the defendant had performed his agreement with the plaintiff and his co-grantors. He therefore dismissed the complaint, in which the plaintiff demanded that the defendant be compelled to account for all his transactions under the contract of July 22, 1878, and directed judgment in favor of the defendant on the merits, with costs.

I do not see how this conclusion can be supported on any view of the facts. It does not seem to me that the parties to a contract whereby the defendant undertook "to institute all proper suits and proceedings at law or in equity to recover such real estate" could have had in contemplation a friendly suit in partition to divide the property among the acknowledged heirs. The recovery which they evidently had in mind was the acquisition of the land from persons whose claims thereto were adverse to the interests of the heirs who entered into the agreement. When we speak of legal proceedings to recover land, we naturally think first of an action in ejectment, and the expression would not ordinarily suggest the idea of a partition suit in which there was no dispute as to the rights of the respective owners. That the contract with the defendant herein was made solely with reference to the overthrow of hostile claims by third parties, and for the purpose of freeing the property from such claims, is apparent from the extent of the interests conveyed to Clement in consideration of the undertaking on his part. Why should the grantors have deeded away half their inheritance in order merely to bring about a friendly division of the remainder? There appears to have been no occasion for such liberality. But the case was different if active litigation was necessary against adverse claimants, and generous compensation to the heir who undertook to carry on such litigation for the benefit of all might naturally be demanded, and willingly be given. In my judgment, the plain import of the defendant's undertaking in his agreement, as alleged in the complaint, admitted in the answer, and found by the court at special term, was that he would begin proceedings to obtain possession of the beach property from persons claiming it in hostility to himself and the grantors. As there is no pretense that he ever did this, or anything else under the contract which can be regarded as an attempt to recover the land such as the parties had in view, I do not think there is any basis in the evidence for the finding that the defendant performed his agreement with the plaintiff and the other heirs. On the contrary, he neglected to perform it, and there was an utter failure of consideration for the transfer to him of $29/72$ of all the property. For this property, with the addition of $2/72$ of his own, he obtained $2,500 in 1887; while, at the partition sale of the $29/72$ remaining in his grantors, so little was realized that they did not receive a dollar. This disastrous result for the plaintiff and the other grantors was brought about by the defendant's misuse of the authority conferred upon him as their agent to institute proceedings to recover the beach lands. He assumed a power, which the contract did not give him, to use their names

as complainants, with his own, in the prosecution of the partition suit.    They knew nothing of what he was doing, unless they gained some notion of it by receiving the letters which he says he sent, stating the time and place of the partition sale; but there is no proof of the actual receipt of any of these letters, and no evidence that they contained anything except a bare statement as to when and where the sale would take place.    This, in the absence of further information as to the character of the proceeding, would hardly suffice to acquaint laymen with the fact that the property which they had employed the defendant to recover he was about to have sold.

The position of the defendant is that of an agent or attorney in fact, who, having received property from his principals upon a promise to aid them to procure the possession of certain lands, has not only omitted to render them any such aid whatever, but has so managed the interests which they have intrusted to his care as absolutely to deprive them of all title to those lands.    The consideration of the transfer to the agent or attorney having wholly failed, he is to be regarded as a trustee of the grantors in respect to the property which they conveyed to him, and out of which he has made a profit.    By an abuse of the confidence which the plaintiff and his associates reposed in him, Clement has allowed them to be deprived of the half of their property which they employed him to recover, while he has sold for his own benefit, at a considerable price, the half which they transferred to him in consideration of his agreement to assist them in such recovery.    He has taken advantage of a fiduciary relation to make a profit out of a position of trust, and equity cannot do less than compel him to share that profit with those whose property, for which he has given nothing, enabled him to make it.    2 Pom. Eq. Jur. § 1052.    I think the plaintiff was entitled to an accounting, at all events, and to relief to this extent.    The statute of limitations had not run, as the case falls within subdivision 1 of section 410 [1] of the Code of Civil Procedure; and it is not clear that the plaintiff discovered the facts upon which his right of action depends earlier than 1891, while the present suit was begun in 1894.

The judgment should be reversed, and a new trial granted, with costs to abide the event.    All concur.

[1] Section 410, subd. 1, provides, among other things, that where a right exists on which an action cannot be maintained without demand, and the right grows out of the receipt or detention of property by a person acting in a fiduciary capacity, limitations run from the time when the person entitled to make the demand has actual knowledge of the facts on which that right depends.