(39 App. Div. 440.)

STEHLE v. STEHLE et al.

(Supreme Court, Appellate Division, Fourth Department. April 8, 1899.)

1. DEEDS—CONSTRUCTION—SUPPORT OF GRANTOR.
    Where a deed stipulates that the grantees are to support the grantors during their natural lives, after the death of one of the grantors the grantees are bound to support the survivor.

2. SAME—LIENS.
    Where a deed stipulates that, as part of the consideration, the grantee is to support the grantor during the latter's life, and the grantee fails to do so, the grantor may have the amount of his maintenance determined and declared a lien on the premises, and, if not paid, have the premises sold.

Appeal from special term, Monroe county.

Action by Catharine Stehle against Sophia Stehle and others. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

The plaintiff and her late husband occupied the premises described in the complaint, situated on Clifford street, in the city of Rochester, which were conveyed to the defendants by a quitclaim deed executed on the 14th day of July, 1896, which recited a consideration, viz. "of the sum of good and lawful consideration and one dollar of lawful money of the United States." Following the description of the premises in the deed is the following language: "As part consideration herefor, the parties of the second part are to support and maintain the parties of the first part during their natural lives." After the execution of the deed, the defendants went into possession of the property, and rendered some support and care for the grantors for a period of some 10 months, during which Andrew Stehle survived, and they cared for him during his sickness, and he was buried from the house under the supervision of the defendants. Altercations ensued between the plaintiff and the defendants, and finally the plaintiff left the premises. The trial judge found, in his fourth

finding of fact, viz.: "That the defendants have so ill-treated the plaintiff while an inmate of their house, and subsequent to her removal therefrom, that it is not proper that she should live with them; but there has been no demand made by the plaintiff upon the defendants to support and maintain her at any place other than the defendants' house, nor have the defendants offered to support and maintain the plaintiff elsewhere, as it is their duty to do under the agreement pursuant to which the said premises were conveyed to the defendants." The court found as a conclusion of law that the complaint be dismissed, without costs to either party.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, and SPRING, JJ.

Werner & Harris, for appellant.

Forsyth Bros., for respondents.

PER CURIAM. The leading theory of the complaint seems to be that the consideration had not been rendered for the premises to the plaintiff, and that the deed made by her and her late husband to the defendants ought to be set aside. There was no return of any consideration or benefits received by the plaintiff or her husband under the deed, nor was there any allegation in the complaint of fraud or mutual mistake, and in that aspect the action ought not to be maintained. However, the defendants have not paid the consideration which they agreed to for the premises. They expressly stipulated, when they accepted the deed, to support the grantors during their natural lives. The fact that one of the grantors has died does not relieve the defendants from the obligation to support the surviving grantor. As the trial judge has stated, it was the duty of the defendants to support the grantors during their natural lives, as the defendants had assumed to do by the provision in the deed which has been referred to. The complaint states the facts and circumstances attending the execution of the deed, and it contains a prayer in the alternative. The prayer first demands that the deed be set aside, "or, in the alternative, that the support and maintenance of plaintiff be declared a charge and lien upon said premises, and that the said property may be decreed to be sold, and the proceeds invested to be used for the support and maintenance of plaintiff." It appears by the evidence that the defendants have failed to perform the obligation assumed by them when they took the deed. The "support" of the grantors, stipulated for in the deed, was a part of the purchase price which the defendants agreed to pay for the premises. The plaintiff is 79 years of age. The evidence does not enable us to say what would be a fair and reasonable amount to be allowed to her for her support during the continuance of her natural life. When the proper amount is ascertained which should be allowed to her for her support, the same should be a charge upon the premises conveyed to the defendants, and that sum, when ascertained, should be declared to be a lien upon the premises. We think the judgment should be reversed, and a new trial ordered, and the special term directed to ascertain what reasonable sum should be allowed to the plaintiff for her support, and, when such support is ascertained, it should be declared to be a lien upon the premises, and the defendants given reasonable opportunity to pay the same, and in default

of their compliance with the decree to be made in the premises the payment thereof should be enforced by a sale of the premises, and out of the proceeds of such sale the sum so ascertained for her support should be payable, together with the costs of this appeal.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.