(75 App. Div. 95.)

## REDPATH v. REDPATH.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. CONTRACT TO SUPPORT—BREACH—COMPLAINT.

Plaintiff alleged that she and her husband conveyed certain land to defendant under an agreement that he should support them and the survivor during life, that it was covenanted that such support should be a lien on the premises until their decease, that her husband was dead, and that defendant had wholly failed and refused to support her. *Held*, that the complaint stated a cause of action entitling her to relief.

2. JUDGMENT—PLEADING.

Where defendant answered a complaint which stated facts entitling plaintiff to a lien on premises conveyed by her to defendant, such relief may be granted under Code Civ. Proc. § 1207, providing that where an answer is interposed the court may grant any relief consistent with the case set forth in the complaint, though the relief asked was the cancellation of the deed.

Appeal from trial term.

Action by Elizabeth Redpath against William Redpath. From a judgment for defendant, plaintiff appeals. Reversed.

The complaint in this action states, in substance, that in November, 1900, the plaintiff and her husband, who is since deceased, executed and delivered to the defendant a conveyance of certain premises therein described, and such conveyance is made a part of the complaint; that such conveyance was made upon the agreement that the defendant should comfortably maintain, support, and clothe, and provide a home for, both herself and husband, during the term of their lives, and of the survivor of them, and furnish and provide suitable burial for each of them at their decease; that it was also covenanted in such conveyance that such care, maintenance, support, and burial should be and remain until their decease a lien upon the premises therein described; that the defendant at once entered into possession of the premises under such deed, and still holds the same; and that she and her husband lived and made their home there with such defendant. So much of the complaint is admitted by the answer. The complaint further avers that now the defendant has wholly failed and refuses to comfortably maintain, support, and clothe her, and to provide proper and necessary food for her support. In short, it avers an utter and complete breach of the contract on the defendant's part, greatly to her injury in health and to her damage. The complaint then prays for a decree of the court vacating and setting aside the contract between them, and annulling and declaring void such conveyance, and also for such other judgment and relief as to the court shall seem just, and for costs of the action. These latter averments are denied by the answer. It also sets up as an affirmative defense that the defendant has expended large sums in providing a burial place for the parties, and for the burial of the husband, and has paid for repairs and improvements upon the p'-- 'e, and assumed the payment of a mortgage thereon, and that no part of such sums has ever been repaid to him. The issues so made were brought to trial at a special term of this court, and upon the opening of the case a motion was made by the defendant to dismiss the complaint upon the ground that it fails to state a cause of action. Such motion was granted, and judgment ordered accordingly. From the judgment so entered, this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Florence J. Sullivan, for appellant.
George C. Stewart, for respondent.

PARKER, P. J. Although the facts averred in the complaint are probably not sufficient to warrant a judgment setting aside the conveyance and the agreement upon which it was based, yet there are sufficient facts stated to constitute a cause of action against the defendant. Assuming, as we must, that the defendant had ceased to furnish the requisite food, support, and clothing, and refused to longer perform the contract on his part, the plaintiff would be entitled, under the covenant in the conveyance, to have a proper sum fixed by the court, sufficient to furnish such support, and such sum declared a lien upon the premises, and that it be enforced by a sale thereof. Stehle v. Stehle, 39 App. Div. 440, 57 N. Y. Supp. 201. Such relief, at least, she is, upon the averments in her complaint, clearly entitled to; and the court had the power, and it was its duty, upon her establishing the same, to award her a judgment to that effect. An answer having been interposed, she was not limited to the precise relief claimed, but under her prayer for further relief she was entitled to any consistent with the case set forth in the complaint. Code Civ. Proc. § 1207; Murtha v. Curley, 90 N. Y. 372; Bell v. Merrifield, 109 N. Y. 202, 207, 16 N. E. 55, 4 Am. St. Rep. 436.

For this reason, it was error to dismiss the complaint, and the judgment must be reversed.

Judgment reversed, and new trial granted; costs to appellant to abide event. All concur.