### GROTE v. GROTE.

(Supreme Court, Appellate Division, First Department. November 22, 1907.)

1. TRUSTS—FAILURE TO PERFORM CONSIDERATION OF DEED—EQUITABLE RELIEF.
    Where the sole consideration of a deed of a house and lot was the grantee's agreement to give the grantor board and lodging in such house as long as he required it, a degree of confidence was reposed in the grantee which imparted to the grantee and property conveyed a trust relation for the benefit of the grantor to the extent of the agreed support, which entitled the grantor, upon the grantee's selling the property and refusal to perform the agreement in another house, to equitable relief.

2. SAME—FOLLOWING TRUST PROPERTY.
    Where the grantee of a house and lot agreed to give the grantor board and lodging in such house as long as he required it, the sale of such prop-

erty did not prevent the grantor from obtaining equitable relief on refusal of the grantee to substantially perform it in another house, where the proceeds of the sale could be traced and identified.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, §§ 527, 528.]

**3. SAME—ACCOUNTING BY TRUSTEE—REMEDY.**

The right of a grantor, making a conveyance in consideration of an agreement of the grantee that she would give the grantor board and lodging as long as required by the grantor, to an accounting of the income of the property or the proceeds thereof on refusal of the grantee to perform her agreement, is a right enforceable only in equity.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, § 416.]

**4. SAME—TRUSTEE EX MALEFICIO.**

Where the facts showed that a grantee in a conveyance of a house and lot, who agreed to board and lodge the grantor in the house as long as he might require it, made the agreement solely to induce the conveyance and without any intention of performing the same, a strong case is made out for charging her as a trustee ex maleficio, at least from the time of an unauthorized sale by her of the property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, §§ 144–147.]

Ingraham, J., dissenting.

Appeal from Special Term.

Action by Augustus H. Grote against Ida F. Grote for certain equitable relief for failure of defendant to perform agreement constituting a consideration for conveyance of real property. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

William C. Rosenberg, for appellant.

Raphael Link, for respondent.

SCOTT, J. The defendant appeals from an interlocutory judgment overruling her demurrer to the complaint for general insufficiency. The complaint alleges: That the defendant is related to plaintiff by affinity, being the widow of a deceased brother. That on or prior to February 1, 1888, the plaintiff was the owner of and was seised and possessed of certain real estate, with a dwelling house thereon, in the borough of the Bronx in the city of New York. That on or about February 1, 1888, the plaintiff by a deed of gift conveyed to defendant herein the said real estate. That there was no consideration whatever moving from said defendant to plaintiff, except an agreement made and entered into between them, which agreement was in the nature and form of a condition imposed upon and attached to said deed of gift as follows: That the plaintiff was to have a room and a home for his natural life in the said dwelling house on the said premises at any time upon his request or demand therefor, and without any charge, cost, or expense whatsoever to him therefor, and that the plaintiff was to have for his natural life board with the said defendant and her family in the said dwelling house at any time upon his request or demand, without any charge, cost or expense whatever to him, to all of which defendant assented and agreed at the time of the making and delivery of said deed, and that upon the

conditions and agreement so made the plaintiff made and executed the said deed. That on or about February 1, 1893, the plaintiff delivered said deed to defendant, who thereupon and on February 13, 1895, caused the same to be recorded in the register's office. That on or about May 8, 1899, the defendant, without the knowledge or consent of the plaintiff, sold and conveyed the said property for the consideration of $20,970; over and above all incumbrances, and took in payment thereof a purchase-money mortgage upon said property. That said mortgage was paid off and canceled on or about March 22, 1904, since which time defendant has reinvested said sum upon bond and mortgage on real property in the city of New York which she now owns and holds. That plaintiff has demanded and requested that defendant shall furnish him with board and lodging in her family, which she has refused and still refuses to do, and has thereby broken and repudiated her agreement, and that plaintiff has elected to rescind the deed. That defendant induced plaintiff to make the said deed by her express promise and agreement as aforesaid, and that she made and entered into the agreement for the purpose and with the intent of deceiving and defrauding him, and without any intention on her part to perform and keep the said agreement and the said conditions. The complaint asks for a rescission and cancellation of the deed, the payment over to plaintiff of the proceeds of the sale of the property, an accounting of the income derived from the sale and its proceeds, and such other relief as may be just and equitable, and for an injunction in the meantime to prevent defendant from disposing of or parting with the proceeds of the sale. The conveyance of property upon no other consideration than that the grantee shall furnish the grantor with support and maintenance is by no means uncommon, especially in agricultural communities, and many cases are to be found in the books wherein, upon the refusal of the grantee to fulfill his agreement, the deed has been rescinded or other equitable relief has been accorded. Stehle v. Stehle, 39 App. Div. 440, 57 N. Y. Supp. 201; Goldsmith v. Goldsmith, 145 N. Y. 313, 39 N. E. 1067. If the title to the real estate had remained in defendant, there would have been no question as to plaintiff's right to maintain an action for specific equitable relief.

The defendant insists, however, that, since the defendant has parted with the property and no decree can operate directly upon it, the plaintiff must have recourse to his action at law for damages, and that a suit in equity will not lie. The consideration for the deed was to be paid in the future by giving to plaintiff the board and lodging agreed to be furnished him, and, so long as he lived and continued to require board and lodging, the obligation to furnish them to him— that is to say, the obligation to pay the consideration—continued. In accepting, as the sole consideration for his deed, the defendant's agreement to provide for him during life, the plaintiff reposed in her a degree of confidence which imparted to her and to the property a trust relation for his benefit to the extent of the agreed support, and in selling the property and thus putting it out of her power to specifically perform her agreement, and in refusing to substantially perform it in another house, the defendant has violated the trust re-

posed in her. Although she may not have held the property strictly speaking as a trustee, there entered into her relation with the plaintiff an element of quasi trusteeship sufficient to entitle him to seek relief in equity. Cornwell v. Clement, 10 App. Div. 446, 42 N. Y. Supp. 295. The degree of relationship or affinity between the plaintiff and defendant, although in fact one implying some degree of mutual confidence, is really unimportant in view of the allegations of the complaint, which stand admitted by the demurrer, that the deed was made in reliance upon defendant's promise. That the property has been sold offers no obstacle to equitable relief, since it appears that the proceeds can be traced and identified. Am. Sugar Ref. Co. v. Fancher, 145 N. Y. 552, 40 N. E. 206, 27 L. R. A. 757. If the plaintiff is entitled to a rescission of his deed, or, what is equivalent thereto, a payment over of the proceeds of the sale, he may also be entitled to an accounting of the income at least from the time when, by selling the property, the defendant put it out of her power to fulfill her agreement, and here again is a right enforceable only in equity. The complaint is not definite as to when the defendant refused to furnish the plaintiff with the home she had agreed to furnish, and it may be that he will be able only to establish his right to something less than a complete rescission. Stehle v. Stehle, supra. The defendant also admits for the purposes of the demurrer that she never intended to carry out her agreement with plaintiff, but made that agreement solely to induce him to convey the property to her, and that he did so convey it; he believing and relying upon these promises. If these allegations should be established on the trial, a strong case would be made out for charging the defendant as a trustee ex maleficio, at least from the moment of the unauthorized sale of the property. Cornwell v. Clement, supra. The prayer for general relief will enable the court to award such relief as the facts, as proven upon the trial, may warrant.

The judgment appealed from must be affirmed, with costs to the appellant, with leave to respondent to withdraw her demurrer and to answer within 20 days upon payment of costs in this court and the court below. All concur, except INGRAHAM, J., who dissents.

INGRAHAM, J. (dissenting). I do not concur with Mr. Justice SCOTT in the conclusion that the plaintiff is entitled to rescind this transaction or cancel the deed to the defendant. The transaction as set out in the complaint was a valid conveyance of real property, the consideration for which was the contract made by the defendant by which the plaintiff was to have a room and a home for his natural life in the dwelling house on the property conveyed without expense to him, and to have for his natural life board with the defendant and her family in said dwelling house. The transaction was complete, the property conveyed for a valuable consideration, and the plaintiff was entitled to enforce the agreement. The subsequent failure of defendant to comply with the agreement did not destroy the consideration as the obligation to perform the contract still existed. The motive of the defendant as alleged was not fraud which justified rescinding the whole transaction.

In some cases courts have allowed a plaintiff to prove the value of the contract to the grantor or the amount that it would cost to comply with the contract by the grantee and imposed a lien upon the property for that amount, but it seems to me clear that this is the extent to which the plaintiff in such an action can be given relief in a court of equity. No facts were alleged which would justify the court in holding this agreement to be a condition subsequent which would entitle the plaintiff to a recovery of the property upon a breach of the contract. The plaintiff conveyed the property relying upon the promises of the defendant to comply with her contract; and certainly all that the plaintiff is entitled to recover is the damages sustained by a breach of the contract and subjecting the property conveyed to a lien to secure the amount of such damages when ascertained. If the plaintiff is paid the damages caused by a breach of the contract, he would be in exactly the same position as if the contract had been complied with. As there is no allegation as to the amount due to the plaintiff upon the breach of the contract and no demand made to recover that amount, I do not think that relief can be granted in this action.

I think, therefore, that the demurrer should have been sustained.