Judgment, so far as appealed from, reversed on the law, with costs, and judgment directed as prayed for by the plaintiff, without costs. The findings of fact have been examined and affirmed, and new findings made. Certain conclusions of law disapproved and reversed, and new conclusions made. Memorandum: The deed from Emily E, Mooney to Gertrude Jex, dated September 9, 1943, was, according to its terms, executed and delivered subject to Exhibit A, an agreement in writing, annexed to and made a part of said deed. The agreement, Exhibit A, provides in substance, that the conveyance is made in consideration that Gertrude Jex, the purchaser, pay the taxes, keep the buildings in repair, make a home for Emily E. Mooney, the seller, for the rest of her life and act as her nurse and companion. Such agreement further provided: “That the terms, provisions and conditions of this agreement, on the part of the Purchaser to be kept, observed and performed, shall be a lien and charge upon the said premises in favor of the Seller; and such terms provisions and conditions shall not merge in any deed that may be made, executed and delivered by the Seller, but shall survive the same.” It clearly appears that the intent of the parties was to provide that Mrs. Mooney retain an interest in ór a lien upon the premises to secure the performance of said agreement on the part of Gertrude Jex. (See Chase v. Peck, 21 N. Y. 581; Stehle v. Stehle, 39 App. Div. 440; Kinney v. Kinney, 221 N. Y. 133, 141.) On November 16, 1943, after the death of Mrs. Mooney, Gertrude Jex conveyed the premises by a warranty deed to the plaintiff. In the meantime, on November 10, 1943, four- days before her death, Mrs. Mooney executed and delivered to the defendants Simpson, another deed to the same premises. Plaintiff alleges that said deed to defendants Simpson constitutes a cloud upon his title. Mrs. Mooney, on November 10, 1943, when she conveyed to the defendants Simpson had no interest in the premises conveyed except the possible right to have the value of her maintenance, nursing care, etc., enforced against the property. (See Tucker v. Tucker, 122 App. Div. 308, 311.) It appears from the evidence, however, that Gertrude Jex fully performed her agreement during the lifetime of Mrs. Mooney. It follows that the defendants Simpson now have no interest in the property by reason of the deed of November 10, 1943, given to them by Mrs. Mooney. That deed should, therefore, be cancelled of record. The judgment appealed from should be reversed and judgment *950 directed to be entered in accordance with the prayer of plaintiff’s complaint. All concur, except Harris, J., who dissents and votes for affirmance on the ground that the record does not show that Gertrude Jex fully performed her agreement during the lifetime of Mrs. Mooney, or at any other time. (The portion of the judgment appealed from is in favor of the respondents in an action to cancel a deed as a cloud on title.) Present — Taylor, P. J., Dowling, Harris, McCurn and Love, JJ.