■ PAUL RABINOWITZ, Respondent, v EVELYN RABINOWITZ, Appellant. (Action No. 1.) PAUL RABINOWITZ, Respondent, v EVELYN RABINOWITZ, Appellant, et al., Defendant. (Action No. 2.)—In jointly tried actions, one, *inter alia,* to declare a certain deed a nulllity (Action No. 1) and the other, *inter alia,* to prohibit defendant-appellant from removing certain assets from the State (Action No. 2), the appeals are from two judgments (one in each action) of the Supreme Court, Suffolk County, both entered September 8, 1976, after a nonjury trial, the first of which, in Action No. 1, *inter alia,* declared that (1) the interest of defendant-appellant in certain real property is held in constructive trust for plaintiff and (2) a deed to the property executed by plaintiff to himself and defendant-appellant as tenants by the entirety is null and void, and the second of which, in Action No. 2, decreed, *inter alia,* that plaintiff is the owner of, and entitled to the immediate possession of, various items of personal property placed in storage by defendant-appellant or still in her possession. Judgment in Action No. 1 affirmed. Judgment in Action No. 2 modified, on the facts, by deleting from the list of items to be returned to plaintiff by appellant or defendant Bay Ridge Storage Warehouse, Inc., a butterfly collection. As so modified, judgment in Action No. 2 affirmed. Plaintiff is awarded one bill of costs to cover both appeals payable by appellant. The basic issue on these appeals is whether sufficient evidence was presented at the trial to allow the court to grant plaintiff the equitable and legal remedies sought by him against his former spouse. A review of the record indicates that there was sufficient evidence presented and that no reversible error was committed by the trial court in its evaluation of the testimony of the parties themselves and of other witnesses. The trial court found the testimony of plaintiff to be worthy of belief and that of appellant to be incredible. This court will not overturn that determination by the trier of the facts. As to the remedies granted plaintiff against his former spouse, in particular the constructive trust as to defendant's interest in the real property and the money judgment, we find that they were proper and necessary in order to redress the wrongs done to plaintiff by appellant through the violation of the confidential relationship of marriage, and are amply supported by precedent (see *Faulkner v Faulkner,* 162 App Div 848; *Duboff v Duboff,* 18 Misc 2d 1050). As to the butterfly

collection, both plaintiff and appellant testified that it was a gift to appellant from one Leo Goldberg. Thus, it was error for the trial court to include it in the list of items taken by appellant which are to be returned to plaintiff. Hopkins, J. P., Rabin, Hawkins and O'Connor, JJ., concur.