HELEN MATTHEWS, Respondent, *v.* HORACE MATTHEWS, Appellant.

133b679
153  603
133b679
s154  291
133     679
Case 2
77 AD  26.

While in an equity action, to enforce specific performance of a parol con- tract for the conveyance of real estate, the value of the property may be allowed by the court as damages substituted for specific performance, in case defendant has put it out of his power to perform, such value may not be allowed as damages in an action at law for a breach of the con- tract, where the invalidity of the contract is set up as a defense.
*Matthews* v. *Matthews* (62 Hun, 110), reversed.

(Argued May 31, 1892; decided June 14, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made September 8, 1891, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The following is the opinion in full:

"We cannot adopt the conclusion of the General Term that this action is a suit in equity for a specific performance, the right to which was established. The findings show that the plaintiff and her husband left their home in Pierrepoint and moved to the residence of the defendant in Keeseville upon the faith of his promise that if they would there make a home for him he would give to the plaintiff the use of the house and its belongings and of four cows, and would transfer to her absolutely the home place when he was done with it; that upon her objection to acting upon a mere verbal promise, he agreed to make the necessary papers as soon as she should arrive at Keeseville; that they trusted to his promise and sold out at a sacrifice, moved to defendant's home and entered upon the performance of their part of the contract; that quarrels arose between the plaintiff's husband and the defendant, and the latter ejected them from the premises, refused to make the writings, and incapacitated himself from performance by a sale and conveyance of the home place. Substantially these facts are alleged in the first count of the complaint. The second avers that the removal effected by the defendant was accomplished by legal proceedings which were afterward reversed; and the third is for the conversion by the defendant of certain crops alleged to belong to plaintiff's husband, who had assigned to her all his rights of action and claims for damages. The only jugment asked is for the sum of twenty-five hundred dollars. The last two counts contain nothing but legal causes of action, and the same thing seems also to be true of the first and principal one. On its face it alleges merely a contract and its breach followed by a claim for damages. There is nowhere about it any trace of a demand for specific performance, and no assertion of the appropriate facts showing the need of such performance in order to do complete justice, save as they may be gathered from the facts attending a breach of contract. No one upon a perusal of the complaint would sus-

pect it of setting up an equitable cause of action ; nor is there any hint of such a claim through the course of the trial.   At the outset proof was given of the value of the home place, and of its use.   No foundation had then been laid for the evidence, but the objection interposed was not to the order of proof but to its competency as a measure of damages. The terms of the objection show that the defendant, at least, understood the action to be for the recovery of damages on a breach of contract and a similar objection pervades the whole current of the trial.   The only proof offered by the plaintiff, not usual in such an action, was the conveyance of the home place by the defendant, but since the contract alleged and proved might be performed by the provisions of a last will, it was necessary to show that he had incapacitated himself from affording that redress.   When the plaintiff rested a motion for a nonsuit was made.   The first ground stated was a failure to prove performance by the plaintiff of the conditions of the alleged contract, and the second that no breach of any legal contract had been established.   At the close of the case the plaintiff's counsel presented sixty requests for findings of fact and nineteen for conclusions of law.   Among all of the latter there was no request to find that the plaintiff was entitled to a specific performance, but that damages equivalent thereto should be awarded by reason of the impossibility of such performance.   On the contrary the sixth request was for a finding that plaintiff may maintain an action upon said agreement for a breach thereof by the defendant, and the seventh that the measure of plaintiff's damages is the value of the property agreed to be conveyed.   The referee's findings follow the lines of a legal cause of action, and he entirely fails to determine that plaintiff is entitled to a specific performance either of the agreement to draw writings or of the contract to convey.

" In addition there are specific findings of a character which make it at least doubtful whether the referee sitting in equity would or should have decreed a specific performance if that question had been at all presented for decision.   These are that the conduct and language of plaintiff's husband toward defendant in the spring of 1887 was such as to render defendant's stay in said home unpleasant; that plaintiff's husband

used profane and threatening language toward defendant and on several occasions assaulted him with her knowledge ; and that trouble arose between plaintiff's family and defendant and the latter ordered the former out of the house by reason thereof. When we recall the peculiar character of this contract, which contemplated a living together in home relations of the parties, a residence under one roof, a daily meeting at one table, and the continual association of personal care on one side and benefits bestowed on the other, it becomes apparent that a decree of specific performance possible of execution would have perpetuated and intensified an amount of strife and discord likely to end in violence and utterly destructive of the real and beneficial purposes of the contract. The discretion of a court of equity would hardly be exercised to chain together the belligerents and call it making a home. At all events the trial court reached no such conclusion ; it determined, as the findings show, no such question, and what its decision might have been had it been at all invoked we cannot assume to know. And until the court first determined that the action was in equity, and second, that the plaintiff was entitled to a specific performance the substituted damages founded upon the value of the property could not be awarded.

"I am not able to agree that upon such pleadings, upon such a trial, and upon such findings we ought to convert the legal action into an equitable one in order to save the judgment, nor that without some finding that plaintiff was entitled to judgment of specific performance the substituted damages here awarded can be given. Undoubtedly the plaintiff was entitled to recover the value of her services when the defendant asserted the invalidity of the parol contract, and it may possibly be that in her own right, and as assignee of her husband, there were other elements of damage which. she should recover, but the judgment before us was founded upon an invalid contract and awarded a wrong measure of damages.

"The judgment should be reversed and a new trial granted, costs to abide the event."

*A. W. Boynton* for appellant.

*F. A. Rowe* for respondent.

FINCH, J., reads for reversal.

All concur.

Judgment reversed.