was error to receive proof of injury to Cooper and payment of moneys to him. (2) To receive proof of discharge of motorman or that in effect. (3) It was error to refuse to charge the fifth request.

Peter J. West, Respondent, v. Peter Buttner, Appellant.— Judgment affirmed, with costs. (See 77 Hun, 337; 134 N. Y. 47; 137 id. 377.)

Melvin Silkworth, Appellant, v. Edwin A. Simonds, Respondent.— Judgment affirmed, with costs.

Carrie M. Kellogg, as Administratrix, etc., Respondent, v. Industrial Benefit Association, Appellant.— Judgment and order reversed and a new trial ordered, with costs to abide

the event, unless the plaintiff stipulates to reduce the recovery of damages to $111.15, in which event the judgment as so modified, is affirmed, without costs of the appeal to either party.

James E. Green, Respondent, v. William E. Smith and Another, Appellants.— Interlocutory judgment affirmed, with costs, with leave to defendants to answer upon payment of the costs of the demurrer and of this appeal.

Charles Hoard, Respondent, v. Abraham Picard, Appellant.— Order affirmed, with ten dollars costs and disbursements.

---

## THIRD DEPARTMENT, SEPTEMBER TERM, 1894.

The People of the State of New York ex rel. John I. Platt and Another, Respondent, v. Frank Rice and Others, Appellants.— Order affirmed, without costs. No opinion.

In the Matter of the Petition of Marcus T. Hun and Others.— Order affirmed, with ten dollars costs and printing and other disbursements. No opinion.

Albert Spencer v. Chauncey Kilmer.— Judgment affirmed, with costs. No opinion.

Helen Matthews, Appellant, v. Horace Matthews, Respondent.— Judgment reversed, a new trial ordered, costs to abide the event. PER CURIAM: The former judgment obtained in this action by the plaintiff was reversed by the Court of Appeals (133 N. Y. 679), on the ground that the complaint did not set forth an equitable cause of action, and the evidence produced on the trial did not show that the plaintiff should be awarded a judgment for a specific performance. That court held that the cause of action alleged in the complaint was a legal one, not for a specific performance, and hence the allowance to the plaintiff of the value of the property agreed to be conveyed by the defendant as damages, was erroneous. But in the opinion of Judge Finch, he states that the plaintiff was entitled to recover the value of her services when the defendant asserted the invalidity of the parol contract, and, possibly in her own right, and as assignee of her husband, she might be entitled to recover other damages. On the last trial the court below decided that plaintiff could not recover for her services, because of the want of appropriate allegations in the complaint. While it is true that, unless the complaint shall be amended, the plaintiff cannot recover the greater part of the damages she may be entitled to, yet, we think, that under the allegations set forth therein, she was entitled to a judgment for a small sum for her services and the services of her husband. The first cause of action in the complaint states the facts of the transaction between the plaintiff, her husband and defendant, and alleges "that after taking possession of said real estate, and while in the occupation thereof as hereinbefore stated, this plaintiff and the said Henry Matthews made valuable and permanent improvements upon the same to their cost and expense of $100." At the end of the complaint the plaintiff demands judgment against the defendant for the sum of $2,500. We are unable to see why, under the allegations so contained in the first count of the complaint, plaintiff was not entitled to recover for the improvements put on the defendant's place by her and her husband while in occupation thereof under the parol contract. There was evidence showing the

amount of labor performed by plaintiff and her husband in making said improvements, and the value thereof, which does not appear to have been contradicted. The allegations in the complaint, we think, sufficient to allow plaintiff to recover for the value of the labor in making improvements as proved on the trial, or at least, plaintiff was entitled to a finding of the trial judge in that regard. The evidence also seems to show the conversion by defendant of certain crops belonging to the plaintiff as alleged in the third cause of action stated in the complaint. We think, therefore, that the learned trial judge inadvertently overlooked the fact that, under the pleadings and evidence given on the trial, plaintiff was entitled to recover a small sum for services, in making repairs which were set forth in the complaint, and for crops converted by the defendant, and that, hence, the judgment should be reversed, and a new trial granted. The Court of Appeals having held that the cause of action set out in the complaint is not equitable, or one for a specific performance, and that the facts proved did not entitle plaintiff to that relief, she should be entitled to recover the value of services and board of defendant, and for labor performed and expenses incurred in pursuance of the verbal contract, less the value of the use of the premises. (Stanton v. Miller, 14 Hun, 383; 79 N. Y. 620.) Under the allegations contained in the complaint, however, unless amended, plaintiff will probably be unable to recover the greater part of such damages as she may actually have sustained, but, as above suggested, we think she was, under the pleadings and proofs, entitled to recover a small sum, the value of services in making permanent improvements and of crops converted by defendant. Judgment reversed and a new trial granted, costs to abide the event. Present — Mayham, P. J., Putnam and Herrick, JJ.

The People of the State of New York ex rel. Ferdinand W. Chase v. Edward Wemple, as Comptroller.— Order of Comptroller affirmed, writ of certiorari quashed, with fifty dollars costs and disbursements.—

MAYHAM, P. J.: In the case of The People ex rel. Ferdinand W. Chase v. Edward Wemple, late omptroller, and Frank Campbell, Comptroller, relating to the order of the Comptroller allowing a redemption of this tax on the land in question, we had occasion to examine the validity of the action of the Comptroller in allowing such redemption, and reached a conclusion sustaining the order of the Comptroller. So long as that decision remains unreversed, we see no ground upon which to reverse the decision of the Comptroller, refusing to vacate his order allowing