(103 App. Div. 172.)

## BANTA v. BANTA.

(Supreme Court, Appellate Division, Third Department. March 8, 1905.)

1. CONTRACTS—ACTION FOR BREACH—STATUTE OF FRAUDS.

In an action for breach of an oral contract, whereby defendant agreed to give plaintiff his farm and money in consideration of plaintiff residing on the farm and doing all necessary work about the same, the statute of frauds having been set up by the answer, plaintiff was not entitled to recover.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, § 132.]

2. SAME—RECOVERY—COMPLAINT.

Where a complaint sought to recover damages for breach of a contract for services to be rendered by plaintiff to defendant, and the contract was void under the statute of frauds, no recovery could be had for services actually rendered.

3. SAME—AMENDMENT OF COMPLAINT.

Where plaintiff sued for damages for breach of a contract whereby defendant was to give plaintiff defendant's farm and money in consideration of plaintiff moving to the farm and rendering services, and defendant set up the statute of frauds, which was a complete defense, plaintiff, on application, should be permitted to amend his complaint so as to avail himself of his right to recover for the services which he had already rendered.

Appeal from Trial Term, Saratoga County.

Action by George C. Banta against Peter N. Banta. From a judgment in favor of plaintiff and from an order denying a motion for a new trial, defendant appeals. Reversed.

See 82 N. Y. Supp. 113.

Defendant is an old man, and for many years has lived on a farm in Saratoga county. His wife died on April 26, 1900, and left him without children or descendants. He was living alone with an inefficient servant or housekeeper when he made an agreement with his brother, this plaintiff, substantially as follows: He (the plaintiff) and his wife were to leave their home in Watervliet, where both were earning fair wages, and go and reside on the farm with defendant; and the brother, George, was to do whatever

was necessary in and about the farm and to relieve defendant from his cares and worry about it; and upon defendant's death plaintiff was to have as compensation for the same the farm itself and as much more in money. The farm was about 300 acres, and defendant then said it was worth about $18,-000 or $20,000. It was also further agreed that plaintiff and his wife should have their living on the farm and a reasonable amount of money for clothing and spending money. Defendant was worth about $200,000, and the farm and money were to be secured to plaintiff by the defendant's will. Such was substantially the bargain as made between the parties. The plaintiff and his wife continued to reside with the defendant and perform the services agreed upon until June 6, 1902, when the defendant discharged them both, and ordered them to leave the premises. After having so left the premises, the plaintiff brought this action to recover damages for the breach of such contract. He sets out in the complaint that he has been at all times ready and willing to perform on his part, alleges that by the breach he has been deprived of his opportunity to earn the compensation agreed upon, and asks to recover the sum of $40,000 as damages for the breach. Upon the first trial the complaint was dismissed upon the ground that the contract which is alleged to have been broken by defendant was void under the statute of frauds. On appeal this court reversed that judgment on the ground that, no such defense having been set up in the answer, no such judgment should have been taken. The defendant thereupon amended his answer, and set up such defense.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Jacob W. Clute and Edgar T. Brackett, for appellant.
James W. Verbeck, for respondent.

PARKER, P. J. It seems to me clear that upon this complaint the plaintiff should not have recovered the verdict and judgment which was given him in the court below. The complaint is the same that was dismissed upon the former trial, and it seeks to recover upon the contract as a valid one, and asks for the damages resulting from its breach, viz., the value of such contract. True, it was held error to dismiss such complaint upon the former trial, but it was entirely on the ground that no such issue had been tendered in this action; and the moment that the defendant's answer was amended and such an issue was presented it became apparent that the issue so tendered must prevail, and that no recovery could be had against the defendant upon the cause of action therein set forth. Upon this trial, however, the plaintiff was allowed to prove, over the defendant's objection, the making of that contract by parol and the defendant's breach of it; and the defendant's motion to dismiss the complaint on the ground that such contract was void by the statute of frauds was denied. This ruling seems to have been made on the theory that, while the plaintiff could not recover damages for the alleged breach, he could recover for the value of the services which he rendered for the defendant during the time he was at work there. But very clearly there is nothing in this complaint to suggest that the plaintiff intended to ask from this jury any such relief. As a matter of law, the defendant became liable to pay to the plaintiff the fair value of his services rendered while working under the attempted contract that the defendant subsequently repudiated; but he was not liable to a judgment

therefor in an action brought and tried for an entirely different claim. When the plaintiff rested, the defendant took the distinct objection that the plaintiff could not, under this complaint, give evidence of the value of the services rendered to defendant by him, and therefore could not recover for the same in this action; and he also insisted that there was no evidence of the value of such services. In both of such propositions he seems to have been correct. There is no averment whatever in the complaint as to the value of such services, no evidence offered by the plaintiff of their value, and no evidence in the case concerning what the whole extent of such services was, or as to what their actual value was. The defendant then raised the question squarely that a recovery for the value of the services actually rendered could not be had in this action; and plainly same could not be had, for the simple reason that nothing in the complaint indicated that the plaintiff sought any such relief in this action. Reed v. McConnell, 133 N. Y. 425, 31 N. E. 22. Also it is very clear that the issue as to what such services were fairly worth was not tried in this action. Neither party offered evidence upon that question. It was not considered by either party an issue in the action until after the evidence was all closed, and the trial judge left it to the jury to determine what the value of such services was, and instructed them to render a verdict for that amount against the defendant. Very clearly the defendant has never had any trial of that issue. He was not apprised when the trial commenced that he must meet that issue, nor was he at any time during the trial invited to meet it. No evidence was ever put before the jury that enabled them to intelligently determine what the value of such services fairly was, and a comparison of the amount of their verdict with any evidence that can be found in the case on the subject of such value demonstrates how utterly that verdict was a matter of guesswork.

We are asked upon this argument how the plaintiff can recover anything for the services that he actually rendered the defendant between the time the agreement was made and the time he was driven from the farm, if the jury might not render him a money verdict for the same. No doubt a jury may give him such a verdict whenever he calls the defendant into court to answer to such a claim. Nor would it be necessary for the plaintiff to bring another action to so recover. He might, as soon as the defendant tendered him the defense of the statute of frauds to the agreement between them, have confessed his inability to recover damages for its breach, and have amended the complaint so as to avail himself of his right to recover for the services which he had rendered; and upon such amended pleading that claim could be properly and regularly litigated between the parties. But in this action the plaintiff has sought to recover not for services rendered, but for the value of an alleged broken contract on the defendant's part. And he insisted upon such a recovery to the extent, even, of declining to withdraw a juror and amend his complaint, and of excepting to the charge of the court which permitted the recovery he is now

seeking to sustain, and of appealing from the judgment rendered thereon. True, he has now abandoned and withdrawn such appeal, and stands content with the verdict rendered; but his position is emphasized that thus far he has insisted upon his right under the contract to recover damages for its breach, and at no time has sought to recover for the amount which he actually earned.

I am of the opinion that this judgment should be reversed, and the complaint dismissed.

Judgment and order reversed on law and facts, and new trial granted, with costs to appellant to abide event. All concur; PARKER, P. J., and CHESTER, J., voting to dismiss complaint.