LASHER v. McDERMOTT et al.

(Supreme Court, Appellate Division, Third Department. May 3, 1911.)

Specific Performance (§ 128*)—Contracts Enforceable—Substituted Performance.

Testatrix, who had contracted for a sufficient consideration to give real estate to plaintiff, prevented her from performing her part of the agreement, and devised the property to one who conveyed it to a bona fide purchaser. Plaintiff for six months after the probate of the will made no claim on the executor or devisee, but by her silence enabled the devisee to make the conveyance. Held, that a decree for substituted

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

specific performance of the contract must require the devisee to refund the amount received from the real estate, and the balance, if any, remaining due to plaintiff, must be adjusted on equitable principles.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 412–419; Dec. Dig. § 128.*]

Appeal from Trial Term, Albany County.

Action by Abbie Lasher against Thomas G. McDermott, as executor of Rose Quest, and others. From a judgment for plaintiff against the executor for a specified sum and costs, the executor appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Countryman, Nellis & Dubois (A. J. Nellis, of counsel), for appellant.

Charles B. Templeton, for respondent.

JOHN M. KELLOGG, J. The finding that Rose Quest agreed to give to the plaintiff the house and lot in which she lived, and the furniture therein, if she and her family would give up their home, and move into her house, and take care of her during her lifetime, and that the plaintiff entered upon the performance of said agreement, and was performing the same until prevented by the deceased, is well sustained by the evidence. The conclusion that it would be a proper case to decree a specific performance and put the ownership of the property in the plaintiff, if the same had not been transferred to a bona fide holder, is satisfactory. The devisee James Quest having conveyed the property to a bona fide holder before action brought, the court decreed a substituted performance by requiring the executor to pay the value of the house and lot so conveyed to the plaintiff. The substituted performance provided for is inequitable, as it leaves in James' hands the moneys which he received from the house and lot, and takes all the interests which the other parties have under the will to make good to the plaintiff the loss which she has sustained. If the defendant James Quest, the devisee, had not transferred the house and lot, clearly in this action the ownership would be declared in the plaintiff. After Rose Quest prevented the plaintiff from performing the contract, November 27, 1905, she lived 10 days. The will was probated promptly after her death, and James Quest, the devisee, entered into possession of the property. The house was burned. He collected the insurance, and rebuilt it, and sold it June 25th following. It thus appears that, if the plaintiff had brought this action at any time before June 25th, upon the facts found she would have been awarded a specific performance of the contract. By sleeping upon her rights for six months, making no claim upon the executor or the devisee, she has enabled the latter to transfer the property to a bona fide holder, and therefore she cannot get the house and lot.

It is evident that the testatrix was not on friendly terms with her relatives, and that as she was approaching death she was led to a reconciliation, and such reconciliation caused the making of the codicil and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the termination of the plaintiff's employment. She left an estate of about $2,600 in personal property, three or four lots, worth $600 each, the house and lot in question, worth $1,800, and the furniture therein, worth about $54.25. There remains in the hands of the executor $2,000 of personal property and the lots. The will and codicil give legacies of $850 to relatives and friends outside of the residuary legatees, and to Margaret Lorey, one of the cousins, a residuary legatee, she gives a legacy of $500. James Quest is to have one half of the residuary estate. The other half is to be divided between Margaret Lorey and three other cousins. If the house and lot, in a court of equity, is deemed the property of the plaintiff, then James Quest has received the proceeds of the plaintiff's property, and should be required to make it good. A substituted performance of the contract would seem in fairness to require that James Quest should first refund the amount received from the real estate, and then, if there is a balance still remaining due the plaintiff, it should be adjusted on equitable principles as the facts may appear upon the trial.

The judgment should therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur; SMITH, P. J., concurring in the result in a memorandum.

SMITH, P. J. I concur in the result reached by Mr. Justice KELLOGG upon the ground that this action was in equity against James Quest and the executor. As against the executor the action simply related to the personal property, and an action ordinarily will not lie for specific performance of a contract to transfer personal property. With the real estate found in the hands of a bona fide holder, if substituted damages may be allowed, those substituted damages must be against the party from whom the plaintiff might otherwise be entitled to have specific performance for the conveyance of the land. The plaintiff has in fact brought his action for specific performance of a contract, and recovered a legal judgment against the executor for a breach of the contract, and this in the face of proper objection upon the part of the executor's counsel.

I therefore vote for reversal and a new trial.