### LASHER v. McDERMOTT.

(Supreme Court, Appellate Division, Third Department. May 7, 1913.)

EXECUTORS AND ADMINISTRATORS (§ 205*)—ACTIONS FOR SERVICES—RECOVERY ON EXPRESS CONTRACT.

One suing an executor for services rendered decedent, who relies on a contract specifically fixing the compensation to be paid for the services, may enforce the contract and recover the agreed compensation, though it is much higher than is ordinarily paid for similar services, and the court may not limit a recovery to the reasonable value of the services.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 732; Dec. Dig. § 205.*]

Appeal from Special Term, Rensselaer County.

Action by Abbie Lasher against Thomas F. McDermott, as executor of Rose Quest, deceased. From an order striking out as irrelevant paragraphs of the complaint, plaintiff appeals; and from an order denying a motion for a stay of proceedings pending the payment of costs of a former action, defendant appeals. Order striking out paragraphs of the complaint reversed. Order denying motion to stay affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Charles B. Templeton, of Albany, for appellant.
Countryman, Nellis & Du Bois, of Albany, for respondent.

HOWARD, J. The first action was in equity; the complaint demanding specific performance of a contract made between the plaintiff and Rose Quest, the testator. The trial court determined that specific performance could not be had and undertook to decree substituted performance. On appeal (144 App. Div. 843, 129 N. Y. Supp. 416) this substituted performance was held to be inequitable as between the various legatees.

This action is brought in law. A specific contract with the testator is alleged. The precise nature of the services to be, and which were in fact, performed is pleaded. The exact consideration for the services agreed upon between the parties is alleged. The plaintiff is not seeking to recover on quantum meruit but upon contract. It is elementary law that a contract made by a person can be enforced against his estate. The contract here may have fixed the compensation to be paid for the services at a much higher figure than is ordinarily paid for such services, and at a higher figure than expert witnesses would

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

testify that the services were worth. But the plaintiff may not have been willing to perform the services at a less figure than the contract price; and it may be assumed that, if the plaintiff had believed that there was danger of a repudiation of the contract as to consideration, she would have refused to enter into it. To force her to have the value of her services measured by the market price vitiates an essential part of the contract, a part on which she undoubtedly confidently relied in making her arrangements to perform the services. If any part of the contract can be enforced, it can all be enforced. Suppose the testatrix had agreed to pay the plaintiff by a provision in her will $1,854.-25 in money for her services; could not this contract be enforced against the estate?

The contract made in Collier v. Rutledge, 136 N. Y. 621, 32 N. E. 626, contained no fixed, definite thing or amount to be given by the will. It was indefinite; the intestate simply saying that "he would provide for her in his will." In that case the court remarked:

"It [the contract] however, fixes no rule by which the damages can be measured in case of default. What should be the extent of the provision is not expressed."

It may be inferred from this language that if the *extent* of the provision had been fixed by the contract in that case, as it has in this, that *extent* would have been adopted by the court as the measure of damages. It was not decided upon the appeals from the previous judgment that the plaintiff in an action at law can only recover upon a quantum meruit; therefore there is no reason here to limit her complaint to that form of pleading.

Even if this court believed the plaintiff should be held down to the quantum meruit theory, the fourth paragraph of the complaint would be meaningless, if disassociated from the third, and, instead of clarifying and simplifying the issues, this mutilation of the complaint would render the pleading unintelligible and the issues uncertain.

The order striking out paragraphs of the complaint should be reversed, and the order denying the motion to stay the plaintiff until costs are paid should be affirmed. All concur.