LASHER v. McDERMOTT.

(Supreme Court, Appellate Division, Third Department.   May 3, 1916.)

1. FRAUDS, STATUTE OF ☞75—ORAL CONTRACT TO WILL REALTY.
   An oral contract, whereby a woman afflicted with an incurable disease promised to will her house and furniture to plaintiff, in consideration of plaintiff's taking up her home in the house and caring for the woman, was void under the statute of frauds.
   [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 132; Dec. Dig. ☞75.]

2. FRAUDS, STATUTE OF ☞138(4)—IMPLIED PROMISE—REASONABLE VALUE OF SERVICES.
   Where plaintiff, in reliance upon a woman's oral contract, void under the statute of frauds, to will plaintiff realty if plaintiff would make her home with her and care for her, did so, and rendered services for 12 weeks, plaintiff was entitled to the reasonable value of her services for such period, with interest.
   [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 330, 331; Dec. Dig. ☞138(4).]

3. FRAUDS, STATUTE OF ☞152(1)—INVALIDITY OF CONTRACT—PLEADING.
   Where the invalidity of a contract, void under the statute of frauds, does not appear on the face of the complaint, the question of such invalidity can be raised only by answer.
   [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 363, 364, 371, 372; Dec. Dig. ☞152(1).]

   Howard, J., dissenting.

Appeal from Trial Term, Rensselaer County.

Action by Abbie Lasher against Thomas McDermott, as executor, etc., of Rose Quest, deceased.   From a judgment of the Supreme Court for plaintiff for the sum of $288.15 (91 Misc. Rep. 305, 154 N. Y. Supp. 798), plaintiff appeals.   Affirmed.

See, also, 162 App. Div. 232, 147 N. Y. Supp. 446, and 157 App. Div. 100, 141 N. Y. Supp. 574.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Charles B. Templeton, of Albany, for appellant.

Countryman, Nellis & Du Bois, of Albany (Andrew J. Nellis, of Albany, of counsel), for respondent.

COCHRANE, J.   The complaint alleges that on or about December 9, 1905, Rose Quest died in the city of Rensselaer, leaving a last will and testament, and codicil thereto, whereby she appointed the defendant as her sole executor, and that such will and codicil have been ad-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

mitted to probate and letters testamentary thereunder issued to the defendant; that on or about September 10, 1905, the testatrix was afflicted with an incurable disease, from which she later died on said 9th day of December, 1905, being a widow, without descendants or near blood relatives, and her household consisting of herself and two boarders, who occupied premises of which she died seised, of the value of $1,800 and containing household furniture of the value of $54.25; that at the special instance and request of said testatrix she and the plaintiff, on or about September 10, 1905, made a contract whereby the plaintiff agreed to break up and discontinue her home, store most of her furniture, and move with her husband, nephew, and niece, who were living with her as members of her family, to the residence of the deceased, and become members of her household, and assume the care and nursing of her, and the management and control of her household, upon her promise and agreement that she would, as compensation therefor, devise and bequeath unto the plaintiff the said residence and furniture therein contained; that immediately after making said contract plaintiff performed every act and duty required thereunder on her part until November 27, 1905, when the said testatrix without just cause refused to permit her to further perform the contract, although plaintiff was willing and ready to do so; that plaintiff was devised and bequeathed no part of the real or personal estate of the testatrix in and by her last will and testament, and codicil thereto; that the services so rendered and performed as aforesaid were reasonably worth the sum of $1,854.25. The complaint demands judgment for said sum of $1,854.25, with interest from the said 9th day of December, 1905.

The answer among other things alleges that neither the contract set forth in the complaint, nor any note or memorandum thereof expressing the consideration, was in writing, subscribed by the testatrix or by her lawfully authorized agent. It appeared at the trial that the plaintiff stored most of her furniture and removed ths balance thereof to the residence of the decedent, and that she and the members of her household took up their residence in the home of the deceased, and resided there for a period of 12 weeks; the plaintiff in the meantime taking care of the testatrix and conducting her household affairs. The trial justice held that the alleged contract by the testatrix to give the plaintiff the house and furniture had not been established by satisfactory evidence, but he awarded the plaintiff $180, being $15 a week for the 12 weeks, as the reasonable value of her services, besides interest thereon from December 9, 1905, amounting in all to $288.15. The plaintiff appeals from this judgment in her favor, and claims that she is entitled to recover the sum of $1,854.25, the value of the house and furniture.

[1, 2] Without reference to the sufficiency of the evidence to establish the plaintiff's alleged oral contract, it is clear that she cannot prevail on this appeal. The action is at law, and not in equity. The contract to make compensation in real estate, not being in writing, is void under the statute of frauds, and, whatever relief might be granted the plaintiff in an action in equity, the court is powerless to grant re-

lief in this action beyond what the trial justice has already granted. Real Property Law (Consol. Laws, c. 50) §§ 259, 270; Banta v. Banta, 108 App. Div. 172, 93 N. Y. Supp. 393; Ludwig v. Bungart, 48 App. Div. 613, 63 N. Y. Supp. 91; Matthews v. Matthews, 133 N. Y. 679, 31 N. E. 519; S. C., 80 Hun, 605, 30 N. Y. Supp. 449; Stanton v. Miller, 14 Hun, 383, affirmed 79 N. Y. 620. The trial justice therefore awarded the plaintiff the most favorable judgment to which, under the pleadings and evidence, she was entitled.

[3] Nothing decided by this court on the appeal from the order striking out certain portions of the complaint as irrelevant (157 App. Div. 100, 141 N. Y. Supp. 574) sustains the plaintiff's position on this appeal. The answer had not then been served. The question of the statute of frauds had not been raised, and was not and could not be before the court in any form whatever. Where the invalidity of a contract void under the statute of frauds does not appear on the face of the complaint the question of such invalidity can only be raised by answer. Crane v. Powell, 139 N. Y. 379, 34 N. E. 911; Matthews v. Matthews, 154 N. Y. 288, 48 N. E. 531. The court on that appeal was not at liberty to anticipate the nature of the answer, and therefore naturally and properly disposed of the appeal solely with reference to the complaint, and without any reference whatever to a question which might or might not be raised by an answer not yet served.

Judgment affirmed, with costs. All concur, except HOWARD, J., who dissents.