ABBIE LASHER, Appellant, v. THOMAS F. McDERMOTT, as Executor, etc., of ROSE QUEST, Deceased, Respondent.

(*Supreme Court, Appellate Division, Third Department, May 3, 1916.*)

DECEDENT'S ESTATE—ACTION TO ENFORCE PAROL AGREEMENT TO DEVISE LANDS —EXTENT OF RELIEF IN COMMON-LAW ACTION—QUANTUM MERUIT FOR SERVICES RENDERED—STATUTE OF FRAUDS—PLEADING—INVALIDITY OF CONTRACT NOT APPEARING ON FACE OF COMPLAINT.

In an action at law the court has no power to enforce an alleged oral contract made by a person since deceased whereby she agreed to devise lands in consideration of services rendered to her, such contract being void under the Statute of Frauds.

The greatest relief which a court of law can grant in such action brought against the executor of the promisor is a money judgment for the reasonable value of the services rendered.

Where the invalidity of a contract void under the Statute of Frauds

does not appear on the face of the complaint the defense can only be taken by answer, and the court cannot anticipate issues which may be raised by an answer not yet served.

HOWARD, J., dissented.

APPEAL by the plaintiff, Abbie Lasher, from a judgment of the Supreme Court in her favor, entered in the office of the clerk of the county of Rensselaer on the 15th day of December, 1915, upon the decision of the court, both sides having agreed to submit the issues to the court without the aid of a jury at the close of the case.

Charles B. Templeton, for the appellant.

Countryman, Nellis & Du Bois (Andrew J. Nellis of counsel), for the respondent.

COCHRANE, J.— The complaint alleges that on or about December 9, 1905, Rose Quest died in the city of Rensselaer leaving a last will and testament and codicil thereto whereby she appointed the defendant as her sole executor, and that such will and codicil have been admitted to probate and letters testamentary thereunder issued to the defendant; that on or about September 10, 1905, the testatrix was afflicted with an incurable disease from which she later died on said 9th day of December, 1905, being a widow without descendants or near blood relatives and her household consisting of herself and two boarders who occupied premises of which she died seized of the value of $1,800 and containing household furniture of the value of $54.25; that at the special instance and request of said testatrix she and the plaintiff on or about September 10, 1905, made a contract whereby the plaintiff agreed to break up and discontinue her home, store most of her furniture and move with her husband, nephew and niece, who were living with her as members of her family, to the residence of the deceased and become members of her household and assume the care and

nursing of her and the management and control of her house-
hold upon her promise and agreement that she would as
compensation therefor devise and bequeath unto the plaintiff the
said residence and furniture therein contained; that immedi-
ately after making said contract plaintiff performed every act
and duty required thereunder on her part until November 27,
1905, when the said testatrix without just cause refused to
permit her to further perform the contract, although plaintiff
was willing and ready to do so; that plaintiff was devised and
bequeathed no part of the real or personal estate of the testatrix
in and by her last will and testament and codicil thereto; that
the services so rendered and performed as aforesaid were
reasonably worth the sum of $1,854.25. The complaint
demands judgment for said sum of $1,854.25, with interest
from the said 9th day of December, 1905.

The answer, among other things, alleges that neither the con-
tract set forth in the complaint nor any note or memorandum
thereof expressing the consideration was in writing subscribed
by the testatrix or by her lawfully authorized agent.

It appeared at the trial that the plaintiff stored most of her
furniture and removed the balance thereof to the residence of
the decedent, and that she and the members of her household
took up their residence in the home of the deceased and resided
there for a period of twelve weeks, the plaintiff in the mean-
time taking care of the testatrix and conducting her household
affairs. The trial justice held that the alleged contract by the
testatrix to give the plaintiff the house and furniture had not
been established by satisfactory evidence, but he awarded the
plaintiff $180, being $15 a week for the twelve weeks, as the
reasonable value of her services besides interest thereon from
December 9, 1905, amounting in all to $288.15. The plaintiff
appeals from this judgment in her favor and claims that she is
entitled to recover the sum of $1,854.25; the value of the house
and furniture.

Without reference to the sufficiency of the evidence to establish the plaintiff's alleged oral contract it is clear that she cannot prevail on this appeal. The action is at law and not in equity. The contract to make compensation in real estate not being in writing is void under the Statute of Frauds, and whatever relief might be granted the plaintiff in an action in equity the court is powerless to grant relief in this action beyond what the trial justice has already granted. (Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52], §§ 259, 270; Banta v. Banta, 103 App. Div. 172; Ludwig v. Bungart, 48 id. 613; Matthews v. Matthews, 133 N. Y. 679, 80 Hun, 605; Stanton v. Miller, 14 id. 383, affd., 79 N. Y. 620.) The trial justice, therefore, awarded the plaintiff the most favorable judgment to which under the pleadings and evidence she was entitled.

Nothing decided by this court on the appeal from the order striking out certain portions of the complaint as irrelevant (157 App. Div. 100) sustains the plaintiff's position on this appeal. The answer had not then been served. The question of the Statute of Frauds had not been raised, and was not and could not be before the court in any form whatever. Where the invalidity of a contract void under the Statute of Frauds does not appear on the face of the complaint the question of such invalidity can only be raised by answer. (Crane v. Powell, 139 N. Y. 379; Matthews v. Matthews, 154 id. 288.) The court on that appeal was not at liberty to anticipate the nature of the answer, and, therefore, naturally and properly disposed of the appeal solely with reference to the complaint and without any reference whatever to a question which might or might not be raised by an answer not yet served.

The judgment should be affirmed, with costs.

All concurred, except HOWARD, J., dissenting.

Judgment affirmed, with costs.