Peter Razelos, Appellant, v. Reuben S. Seldin, Respondent.— Order and judgment unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ.

Catherine Rooney, Appellant, v. David F. Ryan and Regina A. Ryan, Respondents.— Judgment dismissing the complaint on the merits reversed on the law and the facts, with costs, and judgment directed for the plaintiff to the extent of canceling the contract heretofore made between the parties and described in the complaint and the conveyance executed pursuant thereto by the plaintiff, and directing the defendants to execute and deliver to the plaintiff a reconveyance of the real property described in the complaint, free and clear of incumbrances created by and through them, if any. Findings inconsistent with this decision are reversed and new findings will be made. This action was brought by plaintiff to set aside a conveyance of her real property described in the complaint. The consideration for the conveyance, briefly, was an agreement entered into by the parties to this litigation, under which the defendants undertook to provide for and support the plaintiff during her lifetime, in her home in the real property in question. The plaintiff is a widow, more than sixty years of age, inexperienced in the ways of business. The defendants are husband and wife — nephew and niece, respectively, of the plaintiff. The learned trial court found that a confidential relationship existed between the parties. The conveyance was made on the 6th day of December, 1928. By reason of incompatibility, the parties were unable to live together, and the relationship ceased by the defendants' removal on the 26th day of August, 1929. Without reciting the details of the contract as incorporated in the terms thereof, contemplating the living together of the parties in the intimacy of home family relationship, we are of opinion that it is inherently destructive of the purposes sought to be accomplished, is improvident and unconscionable, and that the conveyance made thereunder should be set aside by a court of equity. (See Matthews v. Matthews, 133 N. Y. 679; Kinney v. Kinney, 221 id. 133.) Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur. Settle order on notice.