HANNAH JAHSS, Plaintiff, *v.* SELMA LICHTERMAN, Defendant.

Supreme Court, Special Term, Kings County, February 17, 1950.

*Nathan T. Herman* for defendant.

*Benjamin T. Juceam* for plaintiff.

BELDOCK, J. Defendant moves to dismiss the amended complaint (a) under subdivision 1 of rule 102 of the Rules of Civil Practice, on the ground that the pleading is indefinite, uncertain and obscure; (b) under subdivision 5 of rule 106 that the complaint is insufficient in law, and (c) under subdivisions 6 and 8 of rule 107 on the ground that the action is barred by the Statute of Limitations, and further, that the action is unenforcible under the Statute of Frauds.

The original complaint was previously dismissed as insufficient on the ground that the alleged breach of contract was not definitely stated. The amended complaint now alleges that plaintiff deeded certain property to the defendant, her daughter, with the express understanding and on condition that the daughter and her husband would support, take care of and maintain plaintiff in their household until plaintiff shall die. It is then alleged that plaintiff lived with the defendant and her family until the early part of July, 1949, when she was told " never to put her foot into the house again " and that the locks on the doors would be changed so that plaintiff could not re-enter. The complaint demands that defendant be required to

reconvey the premises to plaintiff and also seeks money damages by reason of the alleged breach.

The defendant makes numerous objections to the amended complaint, among them being (1) that a series of causes of action have been combined consisting of a claim of rescission, recovery of possession under ejectment, breach of contract, breach of covenant and possible reformation; (2) that while it is alleged that defendant's husband was a party to the agreement he is not yet joined as a defendant, which it is claimed by defendant is a jurisdictional defect; (3) that the complaint seeks relief for transactions relating back to January, 1938, which are barred by the Statute of Limitations, and finally, (4) that the cause of action involves an estate or interest in real property which is unenforcible under the Statute of Frauds. In addition, there is a general objection that the complaint is uncertain " and indiscriminately confuses parties and dates of breach."

A pleading challenged for legal insufficiency must be construed broadly and liberally (*Wainwright & Page* v. *Burr & McAuley,* 272 N. Y. 130) and however imperfectly and illogically the facts may have been stated, every intendment and fair inference must be resolved in favor of the pleading on this motion (*Condon* v. *Associated Hosp. Service,* 287 N. Y. 411, 414). Applying these sound rules, I find that the complaint, while inartfully drawn, does state facts sufficient to constitute a cause of action. The conveyance of property was made by the plaintiff, a mother, to her daughter, allegedly upon confidence and trust, and upon the agreement that the daughter and her husband would support the plaintiff for her lifetime. Apparently, by reason of incompatability, the arrangement was disturbed in July, 1949, when it is claimed plaintiff was ousted from the premises. Plaintiff is a widow close to eighty years of age and a few months prior to the conveyance of the property in 1937 moved into the apartment occupied by the defendant and her husband. She claims that the attorney who prepared the instrument conveying the property had been the attorney for her son-in-law, defendant's husband.

Under the circumstances here presented, a court of equity may intervene, either to set aside the conveyance or it may declare a lien on the premises for a reasonable sum which may be allowed plaintiff for her support (*Rooney* v. *Ryan,* 238 App. Div. 873; *Kinney* v. *Kinney,* 221 N. Y. 133; *Dennerlein* v. *Martin,* 247 N. Y. 145). The objection that under the facts as pleaded

the defendant's husband is a necessary party is not vital to the sufficiency of the complaint. In any event, defendant does not make her motion under subdivision 2 of rule 102 of the Rules of Civil Practice upon the ground that there is a nonjoinder of a party defendant. Neither is the objection that plaintiff may not be entitled to all of the relief sought in the complaint grounds for granting this motion. It may well be that plaintiff has requested greater relief than she will ultimately obtain. However, as was pointed out in *Niagara Falls Power Co.* v. *White* (292 N. Y. 472, 480): " asking for too much does not spoil a complaint; the trial court takes care of that." Furthermore, the court will also adjust the recovery on the true basis even though the plaintiff may mistake the proper rule (*Colrick* v. *Swinburne,* 105 N. Y. 503, 507). The objection that the cause of action is barred by the Statute of Limitations does not appear to be well taken as the cause accrued when the agreement was allegedly breached, in July of 1949.

As to defendant's contention that the Statute of Frauds prevents recovery, we must apply the general rule that when a person, through the influence of a confidential relationship such as is here present, acquires title to real property or obtains an advantage which he cannot conscientiously retain, the court, to prevent the abuse of confidence may grant relief. See *Wood* v. *Rabe* (96 N. Y. 414, 425) where it was pointed out that fraud must be something more than the breach of a verbal agreement; yet, where the transaction is one between parent and child which involves the greatest confidence on one side and the greatest influence on the other, equity may properly intervene. (See, also, *Harrington* v. *Schiller,* 231 N. Y. 278; *Goldsmith* v. *Goldsmith,* 145 N. Y. 313; *McKinley* v. *Hessen,* 202 N. Y. 24.)

The parent and child relationship and all of the other circumstances presented warrant the application of a broad construction to the challenged pleading, upon which basis this motion to dismiss must be denied. Submit order.